

IN THE
TENTH COURT OF APPEALS

No. 10-23-00043-CV

WILLIAM D. HARDEN,

Appellant

v.

US BANK, N.A., AS TRUSTEE, SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-6,

Appellee

From the 18th District Court
Johnson County, Texas
Trial Court No. DC-C202100359

## DISSENT

I cannot imagine what the trial court could do to make it any clearer that the proceeding is intended to be final, over, and done, than the "Final Order" signed in this proceeding. It states in its entirety:

FINAL ORDER

This matter was filed via an Original Petition for Bill of Review of the default Final Judgment entered in Cause Number C2012-00370 on June 13, 2013.

The Court heard the Bill of Review, granted the Bill of Review, and vacated the Default Judgment in C2012-00370 in the Order titled "Order Granting Petition for Bill of Review."

All relief requested in this matter has been granted, the November 7, 2022 order resolved all claims properly presented to the Court, and the file should be closed.

This Final Order, as well as the November 7, 2022 Order Granting Petition for Bill of Review, shall be filed in Cause Number C2012-00370; which shall be reopened for any further proceedings.

SO ORDERED,

SIGNED on ____February 17, 2023___

_____/S/_____

I find no fault with the law presented in the Court's opinion regarding the merits of a bill of review, but that is not what determines our jurisdiction. It is not because the trial court did not properly dispose of all the facets of a completed bill of review in this proceeding that we do not have jurisdiction. Rather, it is because we have a final judgment that is clearly intended by the trial court to dispose of all issues as to all parties in this proceeding that we have jurisdiction. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). The trial court intends that nothing more happen in this proceeding, and the Final Order makes that unmistakably clear. There will never be anything with more finality in this proceeding than the "Final Order;" so it is now or never for the appeal of this trial court proceeding. It may be erroneous or even erroneously final, but it is final. *See Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154-156 (Tex. 2023).

Because there is a final appealable order that the appellant wants to complain about, we not only have the jurisdiction but also have the duty to take this appeal and get the bill of review proceeding back on track if we can. Because the Court dismisses the appeal for want of jurisdiction instead of allowing the appeal to proceed, I respectfully dissent.

TOM GRAY
Chief Justice

Dissent delivered and filed July 19, 2023

